THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PAUL PIECZYNSKI,

      Plaintiff,

v.        3:16-MC-339
      (JUDGE MARIANI)

WELLS FARGO BANK N.A.,

      Defendant.

## MEMORANDUM OPINION

### I. INTRODUCTION AND PROCEDURAL HISTORY

The above captioned miscellaneous case began on August 31, 2016, when Plaintiff, Paul Pieczynski, filed an "Emergency Motion to Vacate Final Judgment and to Vacate Sheriff Sale Based upon Fraud on the Court and No Constitutional Authority." (Doc. 1). The Motion named Wells Fargo Bank, N.A., as the opposing party and sought to vacate a Pennsylvania state court decision involving the foreclosure of Plaintiff's house. (Doc. 1 at 1). On December 5, 2016, Plaintiff filed a Motion for Default Judgment against Wells Fargo. (Doc. 5). On January 6, 2017, this Court ordered Plaintiff to show cause why his action was not barred by the *Rooker–Feldman* doctrine. (Doc. 8). That same day, the Court ordered Wells Fargo to respond to Plaintiff's Motion. Both parties submitted filings outlining their positions. (Docs. 11, 14, &16). For the reasons discussed below, this Court will dismiss the action because the Court lacks subject matter jurisdiction.

## II. FACTUAL BACKGROUND

On April 4, 2014, a foreclosure action was commenced against Plaintiff[1] by Wells Fargo in the Court of Common Pleas of Luzerne County. (Doc. 1 at 1, 61). On October 1, 2015, summary judgment was entered in favor of Wells Fargo and against Plaintiff. (*Id.* at 1). While Plaintiff appealed the decision, his house was sold at a sheriff's sale. (*Id.*). The Superior Court of Pennsylvania affirmed the lower court's decision, *Wells Fargo Bank, N.A. v. Pieczynski*, 2016 WL 4709060 (Pa. Super. Ct. 2016), and the Pennsylvania Supreme Court declined to hear Plaintiff's appeal, *Wells Fargo Bank, N.A. v. Pieczynski*, 2016 WL 6962795 (Pa. 2016).[2]

Plaintiff then commenced the present action by filing an "Emergency Motion." (Doc. 1). With that Motion, Plaintiff alleges that Wells Fargo committed fraud upon the state court to obtain a favorable judgment. (*Id.* at 2-3). Plaintiff seeks an Order from this Court which would vacate the final judgment of the state court and vacate the sheriff sale. (*Id.* at 1-3; Doc. 1.1).

## III. STANDARD OF REVIEW

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."

---

[1] Despite the fact that Mr. Pieczynski was the defendant in the state court action, the Court will refer to him as "Plaintiff" throughout this opinion.

[2] A "District Court [is] entitled to take judicial notice of prior opinions to establish the procedural history of [a] case." *Jonas v. Gold*, 627 F. App'x 134, 137 n.4 (3d Cir. 2015) (citing *S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999)).

2

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994) (internal citations omitted).

> [T]he federal courts are without power to adjudicate the substantive claims in a lawsuit, absent a firm bedrock of jurisdiction. When the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits.

*Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977).

"Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514, 19 L. Ed. 264 (1868). This rule "'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998) (alteration original) (quoting *Mansfield, C. & L. M. Ry. Co. v. Swan*, 111 U.S. 379, 382, 4 S. Ct. 510, 28 L. Ed. 462 (1884)).

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3). "[T]he burden of establishing the [existence of subject-matter jurisdiction] rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377. This is because, as a result of strict constitutional and statutory limits on federal courts' jurisdiction, "[i]t is to be presumed that a cause lies outside this limited jurisdiction." *Id.*

## IV. ANALYSIS

As discussed above, this Court *sua sponte* raised the issue of whether or not this Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine. (Doc. 8). Both parties have had an opportunity to respond. Defendant asserts that (1) the Court lacks subject matter jurisdiction because Plaintiff did not commence this action by filing a complaint, (2) the Court lacks personal jurisdiction over Wells Fargo, and (3) the Court lacks subject matter jurisdiction under *Rooker-Feldman*. (Doc. 14 at 14-20). Plaintiff argues that the *Rooker-Feldman* doctrine is inapplicable under these facts. (Doc. 11 at 1-4).

*Rooker-Feldman* prevents federal district courts from exercising jurisdiction "[i]n certain circumstances, where a federal suit follows a state suit." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 163-64 (3d Cir. 2010). The doctrine originated from two Supreme Court opinions issued over the course of six decades, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983). "The doctrine is derived from 28 U.S.C. § 1257 which states that '[f]inal judgments or decrees rendered by the highest court of a state in which a decision could be had, may be reviewed by the Supreme Court.'" *Gary v. Braddock Cemetery*, 517 F.3d 195, 200 (3d Cir. 2008) (alteration original). "'Since Congress has never conferred a similar power of review on the United States District Courts, the Supreme Court has inferred that Congress did not intend

to empower District Courts to review state court decisions.'" *Id.* (quoting *Desi's Pizza, Inc. v. City of Wilkes Barre*, 321 F.3d 411, 419 (3d Cir. 2003)).

The doctrine is narrow in scope. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005). It "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* The doctrine is not implicated, however, "[i]f a federal plaintiff 'present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party." *Id.* at 293 (quoting *GASH Assoc. v. Vill. Of Rosemont*, 995 F.2d 726, 728 (7th Cir. 1993)).

In the Third Circuit,

> there are four requirements that must be met for the *Rooker–Feldman* doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff "complain[s] of injuries caused by [the] state-court judgments"; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments.

*Great W. Mining & Mineral Co.*, 615 F.3d at 166 (alteration in original) (quoting *Exxon Mobil Corp.*, 544 U.S. at 284). According to the Court of Appeals, "[t]he second and fourth requirements are the key to determining whether a federal suit presents an independent, non-barred claim." *Id.* "The second requirement—that a plaintiff must be complaining of injuries caused by a state-court judgment—may also be thought of as an inquiry into the

5

source of the plaintiff's injury." *Id.* The fourth requirement "targets . . . whether the plaintiff's claims will require appellate review of state-court decisions by the district court." *Id.* at 169.

Here, all four *Rooker–Feldman* requirements are met. First, by his own admission, Plaintiff lost in state court when the judge entered summary judgment against him. (Doc. 1 at 13, 61-64; *see also Wells Fargo Bank, N.A.*, 2016 WL 4709060). Second, Plaintiff is complaining of injuries resulting from that state court judgment, namely the foreclosure judgment and the resulting sheriff's sale of his house. (Doc. 1 at 1-2). Third, the state court judgment was entered on October 1, 2015,[3] well before the present federal action was commenced on August 31, 2016. Finally, Plaintiff is asking this Court to review and reject the state court judgment. Plaintiff cited multiple portions of the state court record which he contends demonstrates that Wells Fargo committed fraud upon the court. (Doc. 1 at 2-4, 6-19). In his proposed order, Plaintiff seeks for this Court to order "that [the state court] Judgment and Sheriff Sale against [Plaintiff] be vacated and . . . dismissed with prejudice." (Doc. 1-1).

In short, this case presents a hornbook example of the type of action that is barred by *Rooker–Feldman*. Plaintiff lost a foreclosure action in state court, lost his state court appeals, and then commenced an action in federal district court seeking to overturn the

---

[3] Although Plaintiff maintains the judgment was entered on October 1, 2015, it appears it may have been entered on October 2, 2015. *See Wells Fargo Bank, N.A.*, 2016 WL 4709060. Nevertheless, this difference is immaterial to the Court's analysis, and the Court will assume that the judgment was entered on the date that Plaintiff asserts.

state court judgment and its effects. This Court simply has no jurisdiction to review a state court judgment, even a judgment allegedly based on fraud upon the court.

Plaintiff's submissions do nothing to alter the Court's conclusion. Plaintiff argues that because the state court judgment was obtained by fraud, it is void. Accordingly, Plaintiff argues that, because a void judgment is no judgment at all, there is no valid state court judgment, and, therefore, the *Rooker–Feldman* doctrine does not apply. (Doc. 11 at 1-2). This logic ignores the fact that, for this Court to rule in Plaintiff's favor, it would have to review the state court record and determine that court's result was incorrect. *Rooker–Feldman* bars a district court from engaging in that type of appellate review. *See Great W. Mining & Mineral Co.*, 615 F.3d at 169 ("Prohibited appellate review 'consists of a review of the proceedings already conducted by the "lower" tribunal to determine whether it reached its result in accordance with law.'") (quoting *Bolden v. City of Topeka*, 441 F.3d 1129, 1143 (10th Cir. 2006)).

Plaintiff also attempts to distinguish his case from the facts of *Desi's Pizza, Inc. v. City of Wilkes Barre*, 321 F.3d 411, 419 (3d Cir. 2003). (Doc. 11 at 3-4). The Court, however, did not rely on the facts of *Desi's Pizza* to come to its conclusion. In the end, Plaintiff has not explained how any of the *Great Western* requirements are not present in his case. Nor has Plaintiff cited to any cases that are factually similar to his where a court

found *Rooker–Feldman* inapplicable. Thus, the Court finds *Rooker–Feldman* bars Plaintiff's case.[4]

## V. CONCLUSION

For the foregoing reasons, this Court will dismiss this action because it lacks subject matter jurisdiction.[5] A separate Order follows.

Robert D. Mariani
United States District Judge

---

[4] Plaintiff did file a reply to Wells Fargo's brief. (Doc. 16). That reply, however, does not address *Rooker–Feldman*.

[5] Because the Court lacks subject matter jurisdiction over this case under the *Rooker–Feldman* doctrine, the Court finds it unnecessary to address the other grounds for dismissal that Wells Fargo cites in its brief.