# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL PIECZYNSKI, | : |
| Plaintiff, | : |
| v. | : 3:16-MC-339 |
| | : (JUDGE MARIANI) |
| WELLS FARGO BANK N.A., | : |
| Defendant. | : |

## MEMORANDUM OPINION

### I. INTRODUCTION

Presently before the Court is a Motion for Reconsideration, (Doc. 24), filed by pro se Plaintiff, Paul Pieczynski. The Motion asks the Court to reconsider its Order of February 28, 2017, in which the Court dismissed Plaintiff's case for lack of subject matter jurisdiction. For the reasons discussed below, the Court will deny the Motion for Reconsideration.

### II. PROCEDURAL HISTORY

The above captioned miscellaneous case began on August 31, 2016, when Plaintiff, Paul Pieczynski, filed an "Emergency Motion to Vacate Final Judgment and to Vacate Sheriff Sale Based upon Fraud on the Court and No Constitutional Authority." (Doc. 1). The Motion named Wells Fargo Bank, N.A., as the opposing party and sought to vacate a Pennsylvania state court decision involving the foreclosure of Plaintiff's house. (Doc. 1 at 1). On December 5, 2016, Plaintiff filed a Motion for Default Judgment against Wells Fargo. (Doc. 5). On January 6, 2017, this Court ordered Plaintiff to show cause why his action was

not barred by the *Rooker–Feldman* doctrine. (Doc. 8). That same day, the Court ordered Wells Fargo to respond to Plaintiff's Motion. Both parties submitted filings outlining their positions. (Docs. 11, 14, &16).

On February 28, 2017, this Court issued an Opinion and accompanying Order in which the Court found that this "case present[ed] a hornbook example of the type of action that is barred by *Rooker–Feldman*," (Doc. 21 at 6), and dismissed it for lack of subject matter jurisdiction, (Doc. 22). On March 13, 2017, Plaintiff submitted the present Motion for Reconsideration. (Doc. 24).

### III. STANDARD OF REVIEW

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Specifically, the motion is generally permitted only if (1) there is an intervening change in the controlling law; (2) new evidence becomes available that was not previously available at the time the Court issued its decision; or (3) to correct clear errors of law or fact or prevent manifest injustice. *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Moreover, "motions for reconsideration should not be used to put forward arguments which the movant . . . could have made but neglected to make before judgment." *United States v. Jasin*, 292 F. Supp. 2d 670, 677 (E.D. Pa. 2003) (internal quotation marks and alterations omitted) (quoting *Reich v. Compton*, 834 F. Supp. 2d 753, 755 (E.D. Pa. 1993) *rev'd in part and aff'd in part on other grounds*, 57 F.3d

2

270 (3d Cir. 1995)). Nor should they "be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Donegan v. Livingston*, 877 F. Supp. 2d 212, 226 (M.D. Pa. 2012) (quoting *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002)).

## IV. ANALYSIS

In Plaintiff's Motion for Reconsideration, (Doc. 24), and amendment thereto, (Doc. 26), Plaintiff does not identify any intervening change in the controlling law or any new evidence. Thus, it appears Plaintiff is seeking reconsideration solely on the basis of clear errors of law and fact. Much of Plaintiff's briefs on the Motion reassert arguments regarding what took place in state court. Stripped of the arguments which concern the merits of his case, Plaintiff's filings raise three issues that the Court will address.

Initially, Plaintiff takes issue with the following passage from the Court's Opinion: "Although Plaintiff maintains the judgment was entered on October 1, 2015, it appears it may have been entered on October 2, 2015. See Wells Fargo Bank, N.A., 2016 WL 4709060. Nevertheless, this difference is immaterial to the Court's analysis." (Doc. 21 at 6). Plaintiff maintains that this difference is very material to his case. (Doc. 24 at 3). In so arguing, however, Plaintiff ignores the very next line of the passage which reads: "the Court will assume that the judgment was entered on the date that Plaintiff asserts." (Doc. 21 at 6). Thus, even if the date is material, the Court assumed that Plaintiff's date was correct and still found the Court lacked jurisdiction.

3

Next, Plaintiff argues that, because of factual assertions that Plaintiff believes this Court failed to consider, the state court lacked jurisdiction in the original case and therefore the state decision is void. (Doc. 24 at 4-7). This argument is nearly identical to one raised in *Reardon v. Leason*, 408 F. App'x 551 (3d Cir. 2010). There, Plaintiff "sought an order from the District Court directing the state court to void his conviction because the state court allegedly lacked jurisdiction over his case." *Id.* at 533. The Third Circuit affirmed the District Court's dismissal of Plaintiff's action because, among other reasons, Plaintiff was "effectively asking the District Court to void a state court conviction" and was "barred from doing so under the *Rooker–Feldman* doctrine." *Id.* at 533 n.3. Accordingly, this Court finds no clear error on this basis.

Finally, in his amendment to his motion, Plaintiff cites authority he contends demonstrates that the *Rooker–Feldman* doctrine does not apply to his case. (Doc. 26 at 4-5). Plaintiff cites two cases that concern the application of *Rooker–Feldman*: *Kougasian v. TMSL, Inc.*, 359 F.3d 1136 (9th Cir. 2004), and *Hampton v. Segura*, 2007 WL 2001640 (N.D. Miss. 2007). Plaintiff's reliance on these cases is misplaced. First, these cases are not binding on this Court. Second, citation to these cases does not demonstrate that this Court committed a clear error in its application of binding precedent from this circuit. Instead, it is simply an attempt to "relitigate a point of disagreement between the Court and the litigant." *Donegan v. Livingston*, 877 F. Supp. 2d 212, 226 (M.D. Pa. 2012).

4

In sum, Plaintiff has shown no grounds upon which this Court should reconsider its prior Opinion.

## V. CONCLUSION

For the foregoing reasons, the Court will deny Plaintiff's Motion for Reconsideration, (Doc. 24). A separate Order follows.

_____
Robert D. Mariani
United States District Judge